**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Justin S. Harris,        ) | |
| ) | **ORDER GRANTING DEFENDANT'S** |
| Plaintiff,   ) | **MOTION FOR SUMMARY JUDGMENT** |
| ) | |
| vs.              ) | |
| ) | |
| BNSF Railway Company,   ) | Case No. 4:15-cv-81 |
| ) | |
| Defendant.  ) | |

Before the Court is the Defendant BNSF Railway Company's "Motion for Summary Judgment" filed on September 15, 2015. See Docket No. 30. Plaintiff Justin Harris filed a response in opposition to the motion on October 16, 2015. See Docket No. 32. BNSF Railway Company filed a reply brief on October 30, 2015. See Docket No. 33. For the reasons set forth below, the motion for summary judgment is granted.

**I.    BACKGROUND**

Justin Harris filed suit against BNSF Railway Company ("BNSF") under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 1210 et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA"), for discriminatory hiring practices on the basis of disability. Harris, a Montana resident, applied on-line for a conductor trainee position with BNSF to be located in Minot, North Dakota. Harris met BNSF's employment screening criteria, interviewed for the job, and received an offer of employment on August 23, 2012. Harris also passed BNSF's post-offer medical screening, including blood tests, drug tests, medical questionnaire, and physical performance test on August 30, 2012. Based upon this screening, Harris had a body-mass index ("BMI") of 41.9, calculated from his height (6'0") and weight (309 pounds). According to BNSF, this constituted the

highest category of obesity, described by the American Medical Association ("AMA") as morbidly obese or severely obese.

On September 7, 2012, BNSF declined to hire Harris because of his morbid obesity. BNSF's Chief Medical Officer Dr. Michael Jarrard directed that Harris' offer of employment be withdrawn "due to significant health and safety risks associated with Class 3 Obesity (BMI of 40 or greater)." See Docket No. 31-4, p. 11. No non-medical reasons were given for BNSF's decision. BNSF generally declines on a temporary basis to hire new applicants for safety-sensitive positions who have a BMI of 40 or more. See Docket No. 31-3, p. 45. The Conductor Trainee position Harris applied for is considered a safety-sensitive position by BNSF. See Docket No. 31-3, p. 28. BNSF has determined that there are significant safety risks associated with a BMI of 40 or greater. Specifically, BNSF has determined that those with a BMI of 40 or greater are at a substantially higher risk of developing a number of medical conditions, including extreme daytime sleepiness, sleep apnea, decreased exercise tolerance, osteoarthritis of the knee and fractures of the ankle, heart disease, diabetes, coronary artery disease, and hypertension. See Docket no. 31-6, p. 4. Before applying for the Conductor Trainee position, Harris had no symptoms associated with any of these medical conditions; instead, he had a demonstrated history of heavy labor work without restriction or disability.

The disposition of this motion hinges on whether obesity qualifies as a "disability" under the ADA, as amended by the ADAAA. This is a question the Eighth Circuit Court of Appeals very recently answered in the negative. See Morriss v. BNSF Ry. Co., No. 14-3858; 2016 WL 1319407 (affirming summary judgment in BNSF's favor under nearly identical facts) (April 5, 2016).

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). The court must consider the substantive standard of proof when ruling on a motion for summary judgment. Anderson, 477 U.S. at 252.

## III. LEGAL DISCUSSION

The central issue in this case is the purely legal question of whether obesity is an "impairment" for purposes of coverage under the ADA. The ADA makes it unlawful for a covered

3

employer to discriminate against any "qualified individual on the basis of disability." 42 U.S.C. § 12112(a).  To succeed on a disability-discrimination claim under the ADA, a claimant must show that he was a "qualified individual" who suffered "discrimination" that was based on a "disability" as each of those terms is defined by the Act.  Morriss v. BNSF Ry. Co., 2016 WL 1319407, at p. 2. Under the ADA, "disability" is defined as "(A) a physical . . . impairment that substantially limits one or more major life activities . . . (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C).  Harris appears to bring a claim under both Sections 12102(1)(A) and 12102(1)(C) of the ADA when he claims that a jury could find that (1) BNSF failed to hire him based on an actual impairment – morbid obesity; and (2) BNSF failed to hire him because of a perceived impairment.  See Docket No. 32, pp. 12, 15. To prevail on either claim, Harris is required to show that his obesity was an actual or perceived physical impairment.

### A.     ACTUAL PHYSICAL IMPAIRMENT UNDER 42 U.S.C. § 12102(1)(A)

The Eighth Circuit Court of Appeals recently stated as follows:

> [A]n individual's weight is generally a physical characteristic that qualifies as a physical impairment only if it falls outside the normal range *and* it occurs as the result of a physiological disorder.  Both requirements must be satisfied before a physical impairment can be found.  In other words, even weight outside the normal range – no matter how far outside that range – must be the result of an underlying physiological disorder to qualify as a physical impairment under the ADA . . . Taken as a whole, the relevant statutory and regulatory language makes it clear that for obesity to qualify as a physical impairment – and thus a disability – under the ADA, it must result from an underlying physiological disorder or condition.

Morriss, at 3.

The Court has carefully reviewed the record and concludes that Harris has provided no evidence to prove that his obesity is the result of a physiological condition or disorder.  Therefore,

Harris does not have an actual physical impairment under the ADA and cannot pursue a claim under 42 U.S.C. § 12102(1)(A).  Harris' contention that a jury could find that BNSF failed to hire him based on an actual impairment – morbid obesity – cannot proceed because morbid obesity, by itself, does not qualify as a physical impairment under the ADA, as recently articulated by the Eighth Circuit in Morris.

### B.    REGARDED AS HAVING A PHYSICAL IMPAIRMENT UNDER 42 U.S.C. 12102(1)(C)

Harris also contends that BNSF discriminated against him because it perceived or regarded him as having a physical impairment or disability in violation of 42 U.S.C. §§ 12102(1)(C), 12102(3)(A).  Harris contends, and BNSF does not dispute, that BNSF refused to hire him solely because it considered his obesity (BMI over 40) to present an unacceptably high risk, and that he would develop certain medical conditions in the future.  In order for Harris' claim under Section 12102(1)(C) of the ADA to proceed, Harris is required to show that BNSF perceived his obesity to be a condition that met the definition of "physical impairment."

The Court has carefully reviewed the record and concludes that Harris has not produced evidence that BNSF regarded his obesity as an existing physical impairment.  To the contrary, the record reveals that BNSF withdrew its conditional job offer based upon their assessment that although Harris did not suffer from a physical impairment, there was an unacceptable risk of a future physical impairment based upon a current physical characteristic (his obesity).  See Morriss, at 8 ("the ADA does not prohibit discrimination based on a perception that a physical characteristic . . . may eventually lead to a physical impairment"). The physical examinations conducted by BNSF revealed that Harris' BMI exceeded BNSF's internal limits for safety-sensitive positions, but those

examinations did not reveal that Harris had a physical impairment. The record reveals no evidence that Harris was suffering from any physical impairment when he was reviewed by Dr. Jarrard. In fact, it is undisputed that Dr. Jarrard made the decision not to approve Harris for employment based solely on the safety risks associated with Class III obesity. The Court expressly finds that BNSF did not perceive Harris as having a physical impairment and, therefore, did not violate the ADA by withdrawing Harris' conditional job offer. This result is in conformance with the recent decision of the Eighth Circuit Court of Appeals in Morriss v. BNSF Ry. Co., decided on April 5, 2016.

### IV.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' submissions, and the record as a whole. For the reasons set forth above, BNSF's motion for summary judgment (Docket No. 30) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 8th day of April, 2016.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court